**Hearing Date: August 16, 2018**
                                                            **Hearing Time:  10:00 AM**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: | |
| SUNEDISON, INC., *et al.*, | Case No. 16-10992 (SMB) |
| Reorganized Debtors.[1] | Chapter 11 |
| | |
| SUNEDISON LITIGATION TRUST, | Adversary Proceeding No. 18-01433 (SMB) |
| Plaintiff, | |
| v. | |
| GENERAL ELECTRIC COMPANY, | |
| Defendant. | |

---

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that upon the Motion of General Electric Company ("GE") pursuant to sections and 107(b) and 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 and Rule 9018 of the Federal Rules of Bankruptcy Procedure for entry of an order sealing the

---

[1] The Reorganized Debtors, along with the last four digits of each Reorganized Debtor's tax identification number are: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE Minnesota Holdings, LLC (8926); SunE MN Development Holdings, LLC (5388); and SunE MN Development, LLC (8669). The address of the Reorganized Debtors' corporate headquarters is Two CityPlace Drive, 2nd floor, St. Louis, MO 63141.

currently filed Exhibit A to the Complaint (Dkt. No. 1-1) and the Affidavit of Giovanni Milanese in support thereof, and all of the pleadings heretofore served in this action, GE will move this honorable Court held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 723, 1 Bowling Green, New York, New York 10004 on **August 16, 2018 at 10:00 A.M.** for entry of an order sealing the currently filed Exhibit A to the Complaint (Dkt. No. 1-1).

Dated: July 10, 2018  
       New York, New York

Respectfully Submitted,

HOGAN LOVELLS US LLP

By: /s/ Nicole E. Schiavo  
    Allison J. Schoenthal  
    Nicole E. Schiavo  
    875 Third Avenue  
    New York, New York 10022

To:

Warren A. Usatine  
Cole Schotz P.C.  
25 Main Street  
Hackensack, NJ  07601

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

SUNEDISON, INC., *et al.*,

            Reorganized Debtors.[1]

Case No. 16-10992 (SMB)

Chapter 11

---

SUNEDISON LITIGATION TRUST,

            Plaintiff,

v.

GENERAL ELECTRIC COMPANY,

           Defendant.

Adversary Proceeding No. 18-01433 (SMB)

---

## MOTION OF GENERAL ELECTRIC COMPANY TO AUTHORIZE THE SEALING OF EXHIBIT "A" TO THE COMPLAINT

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Reorganized Debtors, along with the last four digits of each Reorganized Debtor's tax identification number are: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE Minnesota Holdings, LLC (8926); SunE MN Development Holdings, LLC (5388); and SunE MN Development, LLC (8669). The address of the Reorganized Debtors' corporate headquarters is Two CityPlace Drive, 2nd floor, St. Louis, MO 63141.

1

General Electric Company ("GE"), by and through its undersigned counsel, hereby submits this motion (the "Motion") along with the Affidavit of Giovanni Milanese dated July 6, 2018, pursuant to sections and 107(b) and 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") for entry of an order (in the form attached hereto as **Exhibit A**, the "Order") sealing the currently filed Exhibit A to the Complaint (Dkt. No. 1-1, the "Contract"), or, in the alternative, replacing the currently filed Contract with a redacted copy of the Contract in the form attached hereto as **Exhibit B**. In accordance with this Court's "Chamber's Rules," an unredacted and redacted copy of the Contract will be provided to this Court contemporaneously with the filing of this Motion, and a redacted copy of the Contract is attached hereto as Exhibit B. In support of this Motion, GE respectfully states as follows:

## BASIS FOR RELIEF

1. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows: "On request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b).

2. Bankruptcy Rule 9018 provides, in relevant part, as follows:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . contained in any paper filed in a case under the Code. . . .

Fed. R. Bankr. P. 9018.

3. Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order … that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

2

**RELIEF REQUESTED AND ARGUMENT**

4. By this Motion, GE requests entry of the Order, pursuant to sections 107(b) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9018 sealing the Contract or, in the alternative removing the currently filed version of the Contract and directing that the redacted version of the Contract be filed in its stead. The Order will be without prejudice to the rights of any party in interest in the Debtors' chapter 11 cases, including the Office of the United States Trustee, to request that the Contract be unsealed or for the United States Trustee to be provided with an unredacted copy of the Contract upon request.

**The Contract Should be Sealed**

5. The Contract is a commercial agreement between GE and an entity that, at the time of the Contract, was a subsidiary or affiliate of the Debtors in this case. The form of the Contract, not just its content, has commercial value and for that reason, GE made efforts to maintain confidentiality of the entire Contract, not just certain of its terms, by including a non-disclosure provision which, subject to certain exceptions, designates the Contract as confidential and proprietary and restricts either party thereto from publicly disclosing the Contract or its terms and certain other information concerning related matters. (Milanese Aff. ¶ 5; Motion, Ex. B § 2-13.)

6. Because the form of the Contract is a confidential and proprietary template developed by GE over many years and with input from both internal and outside counsel that could be utilized by a competitor without the costs GE incurred developing the form, because the Contract was explicitly defined as confidential and proprietary pursuant to its terms, and the parties to the Contract agreed not to publicly disclose the Contract or its terms, the Contract should not have been publicly filed in this case and should be sealed. (Milanese Aff. ¶ 4.)

**In the Alternative, a Redacted Version of the Contract Should be Filed**

7. The Contract contains, among other things, liquidated damages provisions, warranty and guarantee provisions, insurance provisions, payment provisions, delivery terms, and performance terms currently used by GE. (Id. ¶ 6.) These negotiated items affect the price and value of GE's turbines and the disclosure of GE's deal-specific terms to its competitors or potential customers would put GE at a commercial disadvantage, to GE's detriment. (Id. ¶ 10.)

8. The liquidated damages provisions, warranty and guarantee provisions, insurance provisions, payment provisions, delivery terms, and performance terms in the Contract are thus "commercial information" within the meanings of section 107(b) of the Bankruptcy Code, which exception exists to protect parties like GE from the release of information that could cause them harm or give competitors an unfair advantage. *Gowan v. Westford Asset Mgmt. LLC (In re Dreier LLP)*, 485 B.R. 821, 823-24 (Bankr. S.D.N.Y. 2013); accord *Togut v. Deutsche AG (In re Anthracite Capital, Inc.)*, 492 B.R. 162, 178 (Bankr. S.D.N.Y. 2013).

9. Accordingly, the relief sought in this Motion is necessary to ensure that GE's commercially sensitive information contained in the Contract is protected from public disclosure.

10. GE raised this issue with the Plaintiff and Plaintiff agreed in a written stipulation that the Contract "should not, at this time, be publicly available on the Court's docket and [it] should be withdrawn or otherwise removed from the docket." (Dkt. No. 7)

11. GE and Plaintiff should be granted access to the sealed Contract and the Contract should remain under seal for the duration of this case. GE will retrieve the Contract at the conclusion of the matter.

**MOTION PRACTICE**

12. This Motion includes citations to the applicable statutory authorities and rules upon which the relief requested is predicated, and a discussion of their application to this

Motion. Accordingly, GE submits that this Motion satisfies Rule 9018 of the Local Rules for the Bankruptcy Court for the Southern District of New York.

## NO PREVIOUS REQUEST

13. Aside from the stipulation requesting the sealing of the Contract on consent (Dkt. No. 7), no prior motion or request for the relief requested herein has been made by GE to this or any other court.

WHEREFORE, for the reasons set forth above, GE respectfully requests that this Court (a) enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and (b) grant such other and further relief as is just and proper.

Dated: July 10, 2018
       New York, New York

Respectfully submitted,

**HOGAN LOVELLS US LLP**

By: /s/ Nicole E. Schiavo
    Nicole E. Schiavo
    875 Third Avenue
    New York, New York 10022
    Telephone: (212) 918-3000
    Facsimile: (212) 918-3100
    *Attorneys for GE*