UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

SUNEDISON, INC., *et al.*,

            Reorganized Debtors.

Case No. 16-10992 (SMB)

Chapter 11

---

SUNEDISON LITIGATION TRUST,

Plaintiff,

            v.

GENERAL ELECTRIC COMPANY,

Defendant.

Adversary Proceeding No. 18-01433 (SMB)

---

## DEFENDANT GENERAL ELECTRIC COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE ADVERSARY COMPLAINT

General Electric Company ("GE"), as and for its Answer and Affirmative Defenses to the Adversary Complaint filed April 18, 2018 (Dkt. No. 1, the "Complaint"), by plaintiff SunEdison Litigation Trust ("Plaintiff") states as follows:

### NATURE OF THE CASE

1. Paragraph 1 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, GE denies that the Plaintiff is entitled to the relief requested.

### JURISDICTION AND VENUE

2. Paragraph 2 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, GE denies that this Court has jurisdiction to enter final orders or judgments over this adversary proceeding. In the event that this Court does

find that it has jurisdiction, GE does not consent to the entry of final orders or judgments by the Bankruptcy Court.

3. Paragraph 3 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, GE admits that the Complaint purports to assert certain claims pursuant to the laws set forth in Paragraph 3 of the Complaint, but denies that the Plaintiff is entitled to the relief requested.

4. In response to Paragraph 4 of Complaint, GE does not consent to entry of final orders or judgments by the Bankruptcy Court.

5. GE denies the allegations set forth in Paragraph 5 of the Complaint and respectfully refers this Court to the order dated May 18, 2018 (Case No. 16-10992 (SMB) at Dkt. No. 5390) for its contents.

6. Paragraph 6 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, GE admits that venue is proper, but denies that this Court has jurisdiction to enter final orders or judgments in this adversary proceeding and does not consent to the entry of final orders or judgments by the Bankruptcy Court.

7. In response to Paragraph 7 of Complaint, GE denies that this is a core proceeding over which the Court has jurisdiction to enter final order or judgments without GE's consent. GE does not consent to entry of final orders or judgments by the Bankruptcy Court.

## BACKGROUND

**A.** **The Parties**

8. GE admits the allegations set forth in Paragraph 8 of the Complaint.

9. GE admits the allegations set forth in Paragraph 9 of the Complaint.

10. GE admits the allegations set forth in Paragraph 10 of the Complaint.

11. GE admits the allegations set forth in Paragraph 11 of the Complaint.

12. GE admits the allegations set forth in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, GE respectfully refers this Court to the Joint Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates (Case No. 16-10992 (SMB) at Dkt. No. 3735) for its contents.

14. GE admits the allegations set forth in Paragraph 14 of the Complaint.

**B.  Events Leading to the Debtor's Financial Collapse**

15. GE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16. GE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17. GE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18. GE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19. GE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20. GE is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

**C.  The Contract**

21. In response to Paragraph 21 of the Complaint, GE admits that it entered into a contract with Rocksprings Val Verde Wind, LLC ("Rocksprings") and respectfully refers this Court to the contract attached to the Complaint as Exhibit A (the "Contract") for its contents.

22. In response to Paragraph 22 of the Complaint, GE admits that the Contract provided for GE to supply certain equipment and services and respectfully refers this Court to the Contract for its contents.

23. In response to Paragraph 23 of the Complaint, GE admits that the Contract included a payment schedule and respectfully refers this Court to the Contract for its contents.

24. In response to Paragraph 24 of the Complaint, GE admits that it issued invoices to Rocksprings pursuant to the Contract and respectfully refers this Court to the invoice attached to the Complaint as Exhibit B for its contents.

25. In response to Paragraph 25 of the Complaint, GE admits that it received a wire transfer purporting to be from SunEdison Products Singapore PTE, LTD ("SE Singapore") in November 2015 and respectfully refers this Court to the document attached to the Complaint as Exhibit C for its contents.

26. In response to Paragraph 26 of the Complaint, GE admits that it issued invoices to Rocksprings pursuant to the Contract and respectfully refers this Court to the invoice attached to the Complaint as Exhibit D for its contents.

27. In response to Paragraph 27 of the Complaint, GE admits that it received a wire transfer purporting to be from SunEdison, Inc. in December 2015 and respectfully refers this Court to the document attached to the Complaint as Exhibit E for its contents.

28. In response to Paragraph 28 of the Complaint, GE admits that it issued invoices to Rocksprings pursuant to the Contract and respectfully refers this Court to the invoice attached to the Complaint as Exhibit F for its contents.

29. In response to Paragraph 29 of the Complaint, GE admits that it received a wire transfer purporting to be from SE Singapore in January 2016 and respectfully refers this Court to the document attached to the Complaint as Exhibit G for its contents.

30. GE denies the allegations set forth in Paragraph 30 of the Complaint.

31. GE admits that SunEdison, Inc. and SE Singapore were not parties to the Contract or guarantors of Rocksprings under the Contract, but is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 31 of the Complaint.

32. In response to Paragraph 32 of the Complaint, GE admits that a letter dated March 18, 2016 was sent to Rocksprings and respectfully refers this Court to the letter attached to the Complaint as Exhibit H for its contents.

33. In response to Paragraph 33 of the Complaint, GE admits that a letter dated March 30, 2016 was sent to Rocksprings and respectfully refers this Court to the letter attached to the Complaint as Exhibit I for its contents.

34. GE denies the allegations set forth in Paragraph 34 of the Complaint.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 548)

35. GE responds to Paragraph 35 of the Complaint by restating and realleging its responses to the allegations set forth in Paragraphs 1 through 34 hereof as if fully set forth herein.

36. GE admits the allegations set forth in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, GE denies knowledge or information sufficient to form a belief as to whether there was a transfer of interest in property of SunEdison, Inc. and SE Singapore.

38. GE denies the allegations set forth in Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, GE denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, GE admits that, as a general matter, avoided transfers may be recovered pursuant to section 550(a)(1) of the Bankruptcy Code, but denies that Plaintiff is entitled to any recovery from GE pursuant to section 550(a)(1) of the Bankruptcy Code, or otherwise.

**SECOND CAUSE OF ACTION**
**(Avoidance and Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. § 544 and New York Debtor & Creditor Law §§ 273, 274, 275, 278 and 279)**

41. GE responds to Paragraph 41 of the Complaint by restating and realleging its responses to the allegations set forth in Paragraphs 1 through 40 hereof as if fully set forth herein.

42. Paragraph 42 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, GE admits each transfer constituted a "conveyance" within the meaning of Section 270 of the Debtor & Creditor Law, but denies that Plaintiff is entitled to any recovery from GE pursuant to Section 278 of the Debtor & Creditor Law, or otherwise.

43. GE denies the allegations set forth in Paragraph 43 of the Complaint.

44. GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint.

45. GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint.

46. GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint.

47. GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, GE admits that avoided transfers may, as a general matter, be recovered pursuant to section 550(a)(1) of the Bankruptcy Code, but denies that Plaintiff is entitled to any recovery from GE pursuant to section 550(a)(1) of the Bankruptcy Code, or otherwise.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment)

49. GE responds to Paragraph 49 of the Complaint by restating and realleging its responses to the allegations set forth in Paragraphs 1 through 48 hereof as if fully set forth herein.

50. GE denies the allegations set forth in Paragraph 50 of the Complaint.

51. GE denies the allegations set forth in Paragraph 51 of the Complaint.

52. GE denies the allegations set forth in Paragraph 52 of the Complaint.

53. GE denies the allegations set forth in Paragraph 53 of the Complaint.

### FOURTH CAUSE OF ACTION
### (Disallowance of Claims)

54. GE responds to Paragraph 54 of the Complaint by restating and realleging its responses to the allegations set forth in Paragraphs 1 through 53 hereof as if fully set forth herein.

55. GE denies the allegations set forth in Paragraph 55 of the Complaint.

56. GE denies the allegations set forth in Paragraph 56 of the Complaint.

## FOR A RESPONSE TO THE WHEREFORE PARAGRAPH

57. GE denies that Plaintiff is entitled to judgment on its First, Second, Third or Fourth Cause of Action, attorneys' fees, or any other relief as requested in the unnumbered "WHEREFORE" paragraph following Paragraph 56 of the Complaint, including its subparts.

## GENERAL DENIAL

58. GE denies any and all allegations not specified above.

## AFFIRMATIVE DEFENSES

### First Defense

1. The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2. Plaintiff lacks standing to bring this adversary proceeding.

### Third Defense

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of mootness.

### Fourth Defense

4. Plaintiff's claims and causes of action are barred, in whole or in part, by the doctrine of unclean hands.

### Fifth Defense

5. Plaintiff's claims and causes of action are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, and law of the case.

### Sixth Defense

6. Plaintiff cannot recover any of the alleged fraudulent transfers because the Debtors and the Debtors' estates received reasonably equivalent value within the meaning of the Bankruptcy Code. In the alternative, Plaintiff cannot recover any of the alleged fraudulent

transfers because GE gave value within the meaning of Section 548(c) of the Bankruptcy Code in exchange for the alleged fraudulent transfers.

### Seventh Defense

7.  Plaintiff cannot recover any of the alleged fraudulent transfers because the Debtors and the Debtors' estates received fair consideration in exchange for the alleged fraudulent transfers. In the alternative, GE gave consideration within the meaning of Debtor & Creditor Law Section 278(2) in exchange for the alleged fraudulent transfers.

### Eighth Defense

8.  Plaintiff cannot recover any of the alleged fraudulent transfers because Plaintiff cannot demonstrate that the Debtors were insolvent at the time of the alleged fraudulent transfers.

### Ninth Defense

9.  GE reserves the right to interpose any and all defenses available to it under federal and state law which may be later found applicable to this action as they become available or apparent, or as they may be established during discovery and by the evidence in this case. GE reserves the right to amend this answer to assert such additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, GE respectfully requests this Court enter judgment in its favor dismissing Plaintiff's Complaint with prejudice, and award GE costs and disbursements incurred in this action, including reasonable attorneys' fees, and grant GE such other and further relief as this Court deems just and proper.

Dated: September 17, 2018
       New York, New York

Respectfully Submitted,

HOGAN LOVELLS US LLP

By: /s/ Nicole E. Schiavo
    Nicole E. Schiavo
    875 Third Avenue
    New York, New York 10022

*Counsel for General Electric Company*