**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| SUNEDISON, INC., *et al.,* | : | Case No. 16-10992 (SMB) |
| Reorganized Debtors.[1] | : | (Jointly Administered) |
| | : | |
| SUNEDISON LITIGATION TRUST, | : | |
| Plaintiff, | : | Adv. Pro. No. 18-01433 (SMB) |
| – against – | : | |
| GENERAL ELECTRIC COMPANY, | : | |
| Defendant. | : | |

**THIRD AMENDED STIPULATION AND**
**ORDER SETTING DISCOVERY SCHEDULE**

**WHEREAS**, on May 6, 2020, General Electric Company (the "**Defendant**") requested that the Court hold a conference concerning a further sixty (60) day extension of the discovery schedule in light of COVID-19; and

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's tax identification number, are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE Minnesota Holdings, LLC (8926); SunE MN Development Holdings, LLC (5388); SunE MN Development, LLC (8669); Terraform Private Holdings, LLC (5993); Hudson Energy Solar Corporation (3557); SunE REIT-D PR, LLC (5519); SunEdison Products, LLC (4445); SunEdison International Construction, LLC (9605); Vaughn Wind, LLC (4825); Maine Wind Holdings, LLC (1344); First Wind Energy, LLC (2171); First Wind Holdings, LLC (6257); and EchoFirst Finance Co., LLC (1607). The address of the Reorganized Debtors' corporate headquarters is Two CityPlace Drive, 2nd floor, St. Louis, MO 63141.

**WHEREAS**, on May 6, 2020, the SunEdison Litigation Trust (the "**Plaintiff**") opposed the Defendant's request for an additional discovery extension and requested that the Court enter an order permitting depositions to proceed remotely; and

**WHEREAS**, the Court held a telephonic conference on May 12, 2020 to address Defendant's request for an additional discovery extension and Plaintiff's request for an order permitting remote depositions;

**WHEREAS**, in light of the Court's rulings during the telephonic conference, the parties have entered into the below stipulation;

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Fact discovery shall be completed by **September 30, 2020**.

2. Pursuant to Fed. R. Civ. P. 30(b)(3) and 30(b)(4) as incorporated by Fed. R. Bankr. P. 7030, any deposition may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means.[2]

3. Any party which has the burden of proof on a matter shall submit their expert report by **November 2, 2020**.

4. Rebuttal expert reports, if any, shall be submitted by **December 2, 2020**.

5. Expert discovery shall be completed by **January 8, 2021**.

6. A proposed final pretrial order shall be submitted by **January 22, 2021**.

7. A final pretrial conference shall be held on **January 28th, 2021**.

---

[2] This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (e.g., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

**Stipulated and agreed as to form and substance:**

Dated:  New York, New York
       May 13, 2020

                          **COLE SCHOTZ P.C.**

                          */s/Daniel F.X. Geoghan*
                          Warren A. Usatine
                          Daniel F. X. Geoghan
                          Krista L. Kulp
                          1325 Avenue of the Americas
                          19th Floor
                          New York, New York 10019
                          Telephone: (212) 752-8000
                          Facsimile: (212) 752-8393
                          *Counsel to Plaintiff*

Dated:  Boston, MA
       May 13, 2020

                          **CHOATE, HALL & STEWART LLP**

                          */s/ J.P. Jaillet*
                          J.P. Jaillet
                          Two International Place
                          Boston, MA 02110
                          Telephone: (617) 248-5259
                          Facsimile: (617) 248-4000
                          *Counsel to Defendant*

**SO ORDERED:**

Dated:  May 13th, 2020
       New York, New York

                          **/s/ STUART M. BERNSTEIN**
                          Honorable Stuart M. Bernstein
                          United States Bankruptcy Judge